Good morning, may it please the Court. Chidjoke Ikonte for Appellant Michael Okafor. The issue, one of the issues before the Court that I want to address is the supplemental declarations that were filed on behalf of the State. Our position is that those supplemental declarations, upon which the Judge largely found that the actions taken against Mr. Okafor were for legitimate non-discriminatory reasons, that the Court should not have considered that, in the sense that we deposed the Rule 30b-6 witness of the State. And in his testimony, we asked him specific questions about, for instance, the criteria for selecting engineers to attend training. Well, Counsel, my recollection of the deposition testimony is he said there are no hard and fast rules, it depends on the situation as to who is selected for training programs. And then the additional evidence explained specifically what the situation was, so it elaborates, but I don't understand that to be a contradiction. Where's the contradiction? Well, if they're going to elaborate at this stage, summary judgment, we did not have the opportunity to test the veracity of what was being said by cross-examination. Well, but that's always true at summary judgment. That's why opposing affidavits are required. Yes, so at summary judgment, if that was a trial that they came forth to supplement or contradict or explain what was said, a trial will have the opportunity to ask questions, and the jury would be able to determine whether what was being said was factual or not. But in this case, we do not have that opportunity at summary judgment stage, and the judge himself will not make those credibility determinations. Well, there's not a credibility question because there's not an opposing affidavit that says that the things that are explained as to why he wasn't selected were not true. There's no contrary evidence. Yeah, we were basing on Mr. Ocampo's declaration. He submitted evidence that he was not selected to attend the program. Correct, and then there was an explanation of why he was not selected that was a legitimate nondiscriminatory reason, so then it would be up to him to show that that's false or pretextual in some way. At the time the evidence was presented, he no longer had the opportunity to do that because the case had been briefed. It was not presented in their original moving papers. It was part of a supplemental declaration that was presented, and at that point, there was nothing we could do. We had to submit on what was already before the court. The procedural posture was that prior to the hearing, the court requested for supplemental declaration because it saw that it was lacking, that the state did not present any evidence, so to say, to support its position, and it asked for the state to present additional evidence. And at that point, the state now went to other employees other than the person who was a Route 30B6 witness, and they had access to those witnesses. They could have designated them as their Route 30B6 witness when the question was asked. So here we are in deposition. We don't have that. There is no hard and fast rule. There's no set criteria for selecting someone to attend such training. Okafo was not, we had reason for excluding him from meetings when he said there were no reasons for excluding him from the meetings. So I inquired into that when the Route 30B6 witness was disposed. I did not get any answer. Then later on, after discovery had ended, in the course of summary judgment, I get a declaration that now detailed the questions, that gave detailed answers to the questions that I asked, which was not consistent with what was provided during discovery. So at that point, my hands are tied. I don't have anything to do. I just, the court, I have no way of reporting that. I mean, if that was presented during the course of the deposition, I would have had the opportunity to ask questions. I'm not sure I understand. Are you saying that the motion for summary judgment, the motion for summary judgment that was granted was not, was filed before discovery was ended? No, it was filed after discovery had ended. And the supplemental declaration was even filed after the motion had been filed, and the court asked for supplemental briefing. So in the supplemental briefing, supplemental declarations were now filed. And in the supplemental declaration, a lot of substantive evidence was presented. And did you ask for a further continuance to go talk to the various engineers that were mentioned in the supplemental declaration, so that you could find out, you know, maybe that you had a different take on it for them? Did you ask for more time? I did not ask for more time at that point, because, I mean, this was, the case had been briefed. Reopening. You didn't ask for reopening of discovery? I did not ask for reopening of discovery at that point, because we're now getting close to trial, and that would have been a substantial change in the cost. Well, when you say the case had been briefed, you mean that the motion for summary judgment had been fully briefed? Had been fully briefed, yes, Your Honor. And you had responded? We had responded. Then the court said, issued an order requesting for additional briefing on issue that relates to retaliation. So it was now in response to that additional briefing, we were given time, that each filed his brief. And now, in the additional briefing that had the supplemental declaration, that's now when we felt we were sandbagged, because we now have lots of evidence that we didn't know existed. And those were from people who were not the non-Ru30B6 witness. And our position was that if you're going to do that, we asked during the deposition whether the witness was the most qualified. We tried to qualify him, and he said he was most qualified to testify on that subject matter. At the earlier deposition? At the earlier deposition. And then you got sandbagged with another witness? We got several witnesses who were coming up who were, quote, unquote, precipient witnesses to say, we took the decision, and this was the reason why we took the decision. And you didn't have the opportunity to take their deposition? We didn't have the opportunity to take their deposition at that time, because discovery had cut off, and there was just nothing we could do. We had to submit on that. And the Ru30B6 witness, when we inquired, he testified that he talked to those witnesses prior to coming to testify, which was his obligation. But when he was asked questions, he would not present the facts that we're trying to elicit. You have a little over a minute. Did you wish to save rebuttal time? I'll save the time. Thank you. Thank you. Good morning. May it please the Court. Michelle Logan Stern with the Office of the Attorney General for the Department of Conservation. This case is not unique. This is a case where there was a request for a Ru30B6 designee. It was a very general category. It said training in the underground injection control unit. And so we brought our person who was most knowledgeable about training in the UIC. And that person was a manager who supervised all of the supervisors who made the training decisions. So he was a part of each supervisor's decision-making and therefore could testify regarding generally how the decisions were made. And that is exactly what he testified to. Over four pages of testimony in the record at 366 and 367, 647 to 666. Yeah, basically he said it all depends is what he said. And the later declarations explain, you know, the specifics of the different training programs. We selected so-and-so because he did fracking and so on and so forth. And he said it all depends on, and then he gave specific reasons, criteria that are applied. Right. My question, I guess, is whether you agree that there was no request for reopening discovery or for submitting additional affidavits on the part of the plaintiff. I don't agree that there was no opportunity for that for two reasons. I didn't make my question clear. Did the plaintiff ask for more time, in your recollection? Yes. He did. He did ask for more time. However, it was not after the supplemental briefing. He asked for more time after the close of discovery before the supplemental briefing. And then what happened with the supplemental briefing is that he presented no evidence. He presented no evidence as to discrimination and retaliation other than his conclusory statement that I was denied training, I was denied participation on these special teams, and it was because of my race and because I complained. That was all the evidence that he presented in his declaration. He didn't even specify which training he was denied and what special teams he was denied. And then in response to, in his reply brief, essentially, he attaches a declaration that starts to specify specific training and special teams that he was deprived of the opportunity of participating in. And so the judge said, okay, wait a minute, I don't have any information about these things because it's coming at this very end of our process. And so he asked for supplemental briefing on this specific area with regard to the training and the special teams. And then he gave us the burden to start. And we didn't even know what we were addressing. And so what we did was we went to all of the supervisors and we said, can you please look up every training that you sent people to for these number of years, every special teams that were created, tell us who you sent and why, and why wasn't Okafor sent, Mr. Okafor. And so we had the burden of actually proving the information that he should have presented for his case. And, gee, he doesn't have a case unless he's presenting evidence. Did a plaintiff request an opportunity to file sort of responding declarations after that? He did present a responding declaration as part of his supplemental briefing. And in that responding declaration, again, there was a complete lack of evidence. That was his declaration but nothing from these other witnesses. Nothing else. Yes, and these witnesses were all identified during the deposition. The original definition of the Rule 30 witness. That's correct. He said, I didn't make the decision, here's who made the decision, here's the factors that they would have looked at in making the decisions, but I don't know exactly how they applied these factors. And he named them specifically. So how much time remained with discovery in the discovery period after the 30B6 deposition? I can't answer that question off the top of my head. What I do know is that the deposition had not taken place by the time we filed our motion for summary judgment. The deposition took place on January 5th of 2018 and the discovery, that can't be right. Is that right? I believe it is, Your Honor, because the judge actually had to continue everything. Yeah, okay, because that was past the original cutoff date to begin with. That's correct, Your Honor. Okay. And so they had ample opportunity to obtain the information that he would need to present a case demonstrating that there were trainings and special teams and that he was deprived of the opportunity to participate and that the reason that he was deprived of that opportunity was based on his race or because he made complaints. He didn't obtain any of that information. Even with regard to our designee's deposition, there was no information in there that would tend to show that it was for anything other than a legitimate reason. So if his strategy was to depend on there not being anything specific in the representative's testimony, then that takes us directly to SNAP, which is a decision by the Ninth Circuit in which the court says, if you have a designee who makes a statement and it's not as specific as information provided later by other witnesses, then it's just considered correcting, supplementing, and explaining, and it is admissible evidence. If there's nothing further. I don't believe there are any additional questions. Thank you. Thank you. Mr. Iknote, you have some rebuttal time remaining. You have a minute and 20 seconds approximately. What would help is to at least give the timeline of events. We took the deposition of Rule 30B-6 witness. When? The Rule 30B-6 witness. We took that deposition. He finished deposing our client, then we deposed the Rule 30B-6 witness. Subsequently, the motion for summary judgment was filed. At that time, discovery had closed. The court reviewed the moving papers on both sides, requested for additional briefing on the issue of retaliation. We both briefed what was in the additional retaliation. It was during that additional briefing that we're saying that they had the declaration from these other witnesses. The witnesses were mentioned during the deposition as the persons that the Rule 30B-6 witness consulted discussed the substance of what he was going to testify prior to coming to testify. It was based on that that he was asked specific questions. Okay, what did you find out from them? And he did not give any detail. He just said, for instance, there's no hard and fast rule, so the decision could be made. And the court was saying that because of the arbitrariness of that, there is no set standard for doing that, so anybody can make a decision and say, I don't want you to attend. And we say that decision of not allowing him to attend was based in part, was in retaliation for his participating in the protected activity. Thank you, counsel. I think we understand your position and your time has expired. Once again, the case just argued is submitted, and again, we appreciate the arguments from both counsel, and we will stand adjourned for this morning's session. Thank you. All rise.
judges: Schroeder, Graber, Watson